## KRAUS v. BIRNBAUM.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

1. EJECTMENT (§ 81*)—PLEADINGS—ISSUES.

In an action to recover possession of a city lot as shown on a certain map, the complaint alleged that defendant tore down the fence between plaintiff's and defendant's lots, and unlawfully took possession, but further alleged that plaintiff, when suit was brought, was in possession of the disputed strip between the lots of the parties. Plaintiff did not produce the map, so that it was impossible to locate her lot and prove actual title to the strip; but she produced evidence tending to show that she and her predecessors had for many years fenced in and occupied the disputed strip as part of her lot, until defendant tore down the fence and prevented its being replaced. Held, that the allegation of possession in the complaint, being a mere conclusion and unsupported by evidence of acts of possession after the destruction of the fence, and the failure to show a paper title to the strips, were not fatal so as to warrant a dismissal on the ground that there was no proof of ouster or that defendant was in possession of any part of the lot, but that plaintiff was entitled to go to the jury on the questions of title by adverse possession and practical location of the division line; the answer having denied plaintiff's and alleged defendant's title, and claimed the right to "hold and maintain" possession of the strip in dispute.

[Ed. Note.—For other cases, see Ejectment, Dec. Dig. § 81.*]

2. PLEADING (§ 127*)—ANSWER—ADMISSION AS TO POSSESSION.

An answer, in an action for possession, which denies plaintiff's title to a disputed strip of land, asserts defendant's own title and the right to possession, and that as owner she is entitled to hold and maintain her possession of said strip of land, is an admission that defendant at the time of action brought was in possession of the disputed strip holding in hostility to plaintiff.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 127.*]

Chester, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Albany County.

Action by Anna Kraus against Louise Birnbaum. Plaintiff was non-suited, and she appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Albert B. Wolf (John W. Roddy, of counsel), for appellant.

Long & Maxwell (J. K. Long, of counsel), for respondent.

JOHN M. KELLOGG, J. By her complaint the plaintiff seeks to recover the possession of lot No. 76 according to the Warren & Turner map, in a block of four lots in the city of Watervliet, bounded by Twenty-Fourth street, William street, a 20-foot alley, and a 10-foot alley, alleging that the defendant tore down the fences and unlawfully took possession thereof. The answer denies any unlawful entry upon lot 76, and then alleges:

"That, as she understands the real object of the action, it is an effort by plaintiff to determine the title and ownership and right of possession to a strip of land on south side of Utica or Twenty-Fourth street in the city of Watervliet, 6 feet wide and 94 feet deep, bounded by an alley, 10 feet wide, and a part of lot No. 77, adjoining said lot No. 76, described in said complaint. That defendant and her grantors have claimed, and defendant claims and claimed, during all the time mentioned in said complaint, to be, and defendant alleges on her information and belief that she is, the owner in fee and entitled to hold and maintain her possession of said strip of land," and that said strip is not a part of lot No. 76.

The plaintiff's grantor showed title to lots 75 and 76 according to the Warren & Turner map, lot 75 being at the corner of William and Twenty-Fourth streets, and each also being 25 feet wide on the latter street, and he shortly before the action conveyed lot 76 to the plaintiff. Plaintiff did not produce the Warren & Turner map, and therefore it is not possible to locate definitely the lands described in her deed. Evidently the four lots in the block were each designed to have 25 feet frontage on Twenty-Fourth street; but there is a surplus of about 6 or 8 feet, caused probably by an error in the map or by lot 78 as actually occupied encroaching upon the 20-foot alley, or by lot 75 as actually occupied encroaching upon William street. Plaintiff's contention is that in fact lot 75 contains 33 feet and the other lots 25 feet each of frontage. The evidence does not show that the "disputed strip," so called, is a part of lot 76 covered by the plaintiff's convey-ance, and, by failing to produce the map and locating her premises, the plaintiff has not shown her actual title to the strip. Nevertheless she produced evidence tending with more or less force to show that the disputed strip had for many years been fenced in and occupied as a part of lot 76, and I think upon the evidence she was entitled to have the court determine, after hearing all the evidence, whether there had been a practical location of the lot lines, and also whether she had acquired title to all or any of the disputed strip by adverse possession. If the occupancy by her predecessors in title had been such that it carried with it the right of possession and ownership of the disputed strip as a part of lot 76, then the form of the complaint and the non-production of the map would not necessarily be fatal to the plaintiff.

She swore that the defendant tore down the fence which apparently separated lots 76 and 77, and which inclosed the disputed strip as a part of her lot 76, and threw the boards upon her lot and prevented her from rebuilding the fence. It is true plaintiff stated that at the time she brought the action she was in the possession of all the disputed strip; but that was merely a conclusion; as the evidence does not show any act done by her upon the disputed strip after the defendant entered and tore down the fence up to the time of the bringing of the action.

The court nonsuited the plaintiff upon the ground that she had failed to prove that she had been ousted from the possession of said lot, or that the defendant was in possession of any part of it. I think the allegation quoted above from the answer supplies the proof, and was overlooked by the trial court in making its decision. If the complaint was defective in describing the disputed strip, the answer supplied the defect. It denied the plaintiff's title to it, asserted defendant's own title and her right to possession, and that as owner she was entitled to hold and maintain her possession of said strip of land. I think for the purposes of the case that is an admission that the defendant at the time of action brought was in possession of the disputed strip, holding in hostility to the plaintiff. It was therefore error to grant the nonsuit.

The judgment should be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event.

SMITH, P. J., and SEWELL, J., concur. COCHRANE, J., concurs in result.

CHESTER, J. (dissenting). The complaint in this action alleges that the plaintiff is the owner and entitled to the possession of lot No. 76 described on the Warren & Turner map in Watervliet, which lot is described as being 25 feet front on Twenty-Fourth street and 94 feet deep. It is also alleged that prior to the commencement of the action the defendant wrongfully and unlawfully entered upon said parcel of land, claiming title thereto, and tore down the fence erected thereon by the plaintiff, and that the defendant wrongfully and unlawfully withholds possession thereof from the plaintiff, and that the plaintiff and her grantors have been in possession of said land under a claim of title and ownership for more than 20 years. She asks for judgment that she be adjudged to be the owner of the land and entitled to have immediate possession thereof. It was clearly shown that the fence which was torn down was not on any part of lot No. 76, and it was not shown that the defendant was in occupation and possession of any part of such lot at the time of the commencement of the action. The fact clearly appears that the disputed strip of land upon which the fence in question was erected was entirely outside the boundaries of lot No. 76 mentioned in the complaint. That being so, the fact that the defendant in her answer brought in an unnecessary allegation with respect to her understanding of the real object of the action, which was to determine the title and ownership of such strip of land, and claimed

to own such strip and to maintain a possession thereof, is not suffi-
cient, in my judgment, to save the dismissal of the action.

The trouble with the plaintiff's case is that she has not alleged any
cause of action with respect to the disputed strip, and she tried to
prove a cause of action entirely outside of that stated in her com-
plaint. The defendant never consented to the trial of any issue out-
side of that tendered by the complaint, and stood upon her rights
when she made her motion for a dismissal. The plaintiff failed en-
tirely to prove the cause of action which she alleged, and for that rea-
son the complaint was properly dismissed.

I think the judgment should be affirmed.